**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SEAN M. DAVIS,
                              Appellant,

                  v.

UNITED STATES POSTAL SERVICE,
                              Agency.

DOCKET NUMBER
SF-0752-20-0032-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terrie L. Collins, Los Angeles, California, for the appellant.

W. Jason Jackson, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim of harmful error and the issue of compensatory damages, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed by the agency as a Mail Handler Equipment Operator. Initial Appeal File (IAF), Tab 8 at 33. He was driving an agency powered industrial truck (PIT) down a ramp at the worksite when, in his words, he "lost control and fell off the [vehicle] landing on [his] back and hitting [his] head on the concrete." IAF, Tab 10 at 2, Tab 16 at 7-8. During the incident, the PIT crashed into, and damaged, an agency forklift. IAF, Tab 16 at 7-8.

Following the incident, a Supervisor of Distribution Operations (SDO) conducted an investigation. IAF, Tab 8 at 25. During that investigation, the appellant tested positive for alcohol beyond the legal limit immediately following the accident. *Id.* at 21-23. Two days later, on September 3, 2019, a Manager of Distribution Operations (MDO) placed the appellant in an emergency off-duty non-paid status based on the nature of the incident. *Id.* at 24. He remained in this status until September 21, 2019, when the agency changed his status to administrative leave. *Id.* at 18. The agency asserted below that it subsequently changed the appellant's status from unpaid leave to administrative leave for the

period from September 3 to 20, 2019. IAF, Tab 8 at 14-16, Tab 9 at 7-8. The appellant does not dispute this assertion. IAF, Tab 12 at 2.

The appellant subsequently filed a Board appeal challenging his placement in an off-duty non-paid status. IAF, Tab 2. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as moot. IAF, Tab 2 at 1, Tab 17, Initial Decision (ID) at 1. The administrative judge held that the agency took an appealable adverse action against the appellant by constructively suspending him for more than 14 days. ID at 2-3. He found that, in doing so, the agency violated the appellant's due process rights. ID at 3. He concluded, however, that the agency returned the appellant to status quo ante when it removed all references to the suspension from his personnel file, placed him on administrative leave, and provided him back pay for his time in an off-duty non-paid status. ID at 3-6.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He argues that the agency's investigation into the incident in question was not fair and objective.[2] *Id.* The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly determined that the appeal was moot.

The administrative judge found that the Board has jurisdiction over the appellant's 18-day constructive suspension, which the agency effectuated without due process. ID at 1-3; IAF, Tab 8 at 18. The parties do not dispute this finding on review, and we see no reason to disturb it.

For an appeal to be deemed moot, the agency's rescission of the appealed action must be complete, and the employee must be returned to the status quo ante. *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 5 (2016); *see Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 6 (2007) (explaining that for an

---

[2] It is unclear whether the appellant is referring to the investigation before or after his placement in a non-pay status, or both.

appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed). Status quo ante relief generally requires that the appellant be placed back in his former position or in one substantially equivalent in scope and status to his former position. *Hess*, 123 M.S.P.R. 183, ¶ 5. Status quo ante relief also requires that the agency remove all references to the rescinded action and restore to the appellant any lost back pay or benefits. *Id.*

> *The administrative judge correctly held that the agency proved it provided the requisite back pay and benefits sufficient to render the appeal moot.*

The administrative judge found that the agency provided the appellant with the requisite back pay and benefits and sufficiently removed any reference to the constructive suspension from his personnel file. ID at 4, 6; IAF, Tab 13 at 9. The appellant does not challenge these findings on review, and we see no reason to disturb them.

The administrative judge further found that the appellant failed to demonstrate that status quo ante relief included any overtime or holiday pay during his constructive suspension. ID at 6. The undisputed declaration of the MDO stated that the appellant does not regularly work overtime or holidays. IAF, Tab 16 at 8. The MDO acknowledged that the appellant worked 8 minutes of overtime in the 2 weeks preceding his constructive suspension, but stated his doing so was accidental and not an "actual overtime assignment." *Id.* The appellant has not reasserted his claim for overtime and holiday pay on review, and we see no reason to disturb the administrative judge's determination on this issue.

> *The administrative judge correctly held that the agency proved it had a compelling reason to place the appellant in an administrative leave status.*

The administrative judge held that the agency presented a "compelling reason" for placing the appellant on administrative leave following the

cancellation of his non-paid status. ID at 5. The appellant does not challenge this finding on review, and we agree with the administrative judge.

The placement of an appellant on administrative leave following the cancellation of an adverse action generally does not constitute complete rescission of the agency action. *Sredzinski v. U.S. Postal Service*, 105 M.S.P.R. 571, ¶ 8 (2007). However, if the agency can establish it had a strong overriding or compelling interest in placing the appellant on administrative leave following the suspension, its decision to do so will not prevent the Board from dismissing the appeal as moot. *See Gamel v. Department of the Navy*, 43 M.S.P.R. 168, 170-72 (1989) (explaining that an agency may not be required to return an employee to his former position despite the Board's reversal of his removal if the agency has a strong overriding interest for not doing so); *Deas v. Department of Transportation*, 108 M.S.P.R. 637, ¶ 14 (2008) (finding an agency had not completely rescinded an adverse action because it did not establish a strong overriding interest for placing an appellant on administrative leave as opposed to returning him to duty status), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014); *Joos v. Department of the Treasury*, 79 M.S.P.R. 342, 347 (1998) (finding that an agency ordered to rescind a removal may reinstate an appellant to a substantially similar position if it has a compelling reason not to return him to his former position).

Here, the status occupied by the appellant prior to the cancelled suspension was active duty. IAF, Tab 8 at 24. The agency placed him on administrative leave following the suspension. *Id.* at 18. The administrative judge specifically informed the agency that its placement of the appellant on administrative leave was generally not status quo ante relief. IAF, Tab 14 at 1-2. The agency responded with a declaration of the MDO, who explained the risk and consequence of accidents while operating the agency's machinery under the influence of alcohol. IAF, Tab 16 at 7-8. For example, she indicated that a fully loaded PIT weighed up to 7,500 pounds, and an accident could cause serious

injury or death to nearby employees, some of whom are on foot. *Id.* at 7. She further explained that the agency placed the appellant on administrative leave after the cancellation of his non-paid status to continue its investigation into the matter and to "avoid any other preventable accidents." *Id.* at 8. We agree with the administrative judge that the agency's proffered reasons are sufficiently compelling to warrant placement of the appellant on administrative leave. *See Dalton v. Department of Justice*, 66 M.S.P.R. 429, 434 (1995) (finding an agency's concern over an appellant's alleged improper sexual contacts with inmates and the presence of an ongoing investigation established compelling reasons for not returning him to status quo ante).

*The appellant's claim of harmful error does not state a basis to find the appeal not moot.*

The administrative judge below ordered the appellant to explain why he believed the agency had not completely rescinded the constructive suspension. IAF, Tab 11 at 3. The appellant responded that, following the constructive suspension at issue in this appeal, the MDO and SDO subsequently issued him a notice of removal that "is discriminatory and retaliatory and . . . is a conflict of interest because [he had] past and present EEO proceedings against [the MDO and SDO]." IAF, Tab 12 at 2. On review, he again refers to "a pending EEO case" against these individuals. PFR File, Tab 1 at 4. The administrative judge did not address this claim. Accordingly, we modify the initial decision to do so.

If an appellant has a claim for compensatory damages based on discrimination, the agency's complete rescission of the underlying adverse action cannot render the appeal moot because the employee may be entitled to additional damages. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 8-9, 11-19 (2016). Although the appellant referenced discrimination when discussing his subsequent proposed removal, while discussing his constructive suspension, which is the subject of this appeal, he states that he "was not treated fairly" by the MDO and the SDO, who "both were allowed to issue [him] disciplinary action." PFR File,

Tab 1 at 4.  It therefore does not appear that the appellant raises a discrimination claim regarding his constructive suspension.  Rather, the appellant re-alleges that the investigation that led to his suspension was improperly conducted.  PFR File, Tab 1 at 4; IAF, Tab 10 at 2-3.  We interpret this as a claim of harmful error. *See, e.g.*, *Leftridge v. U.S. Postal Service*, 56 M.S.P.R. 340, 344-45 (1993) (treating a claim that an agency's investigation was deficient as a claim of harmful error).

If proven, this harmful error claim could warrant reversal of the appellant's constructive suspension.  5 U.S.C. § 7701(c)(2)(A); *Leftridge*, 56 M.S.P.R. at 345.  However, the agency here already reversed the appellant's constructive suspension.  IAF, Tab 8 at 14-16, Tab 9 at 7-8, Tab 12 at 2.  An affirmative defense on which the Board can grant no additional relief, such as this one, is properly dismissed as moot without a hearing.  *Hess*, 123 M.S.P.R. 183, ¶ 8. Because the Board could grant no additional relief if the appellant proved harmful error, his claim is moot.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.